## Grimm v. Licking Valley Bldg. Ass'n.

(Decided April 20, 1937.)

JAMES B. MEADOWS for appellant.
REUSCHER & REUSCHER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On April 12, 1927, Reuben Kravitz and his wife, Ida, borrowed from the Licking Valley Building Association the sum of $9,000, and secured the loan by a mortgage on two lots in the city of Fort Thomas. On April 17, 1929, Kravitz and wife borrowed $2,915 from G. G. Grimm, and secured the loan by a second mortgage on the same property. On July 3, 1929, Grimm assigned and transferred the note and mortgage to the Highlands Corporation.

In this action by the Licking Valley Building As-

sociation to enforce its mortgage lien, G. G. Grimm intervened, and asserted a prior lien for taxes paid by him on the property. The court denied him the relief prayed, and he appeals.

The statute authorizes any officer of the state, county, municipality, or taxing district to receive the payment of any tax before the property is sold upon the written request of the owner of the property, or of the person liable for the tax on same, from any person or corporation other than the owner, and upon receiving payment to issue upon the request of the party or corporation paying the tax a certificate in certain form. The certificate confers upon the transferee the priority of lien, and all the rights and powers of enforcing the same possessed by the taxing authority. Section 4168a, Kentucky Statutes. Section 4168b directs that the certificate of transfer be entered on the record of encumbrances on real estate of the county in which said certificate was issued, and provides that, if the certificate be not so entered within thirty days of the transfer, "it shall lose its lien upon any property which shall have been transferred bona fide and for a valuable consideration before the record of and without notice of the existence of said certificate of transfer."

Appellant claims under section 4168a, supra. The facts concerning the payment of the taxes and the issuance of the certificate of transfer are in brief as follows: The Kravitzes were unable to pay the taxes on the property for the year 1931, and Reuben Kravitz, the husband, approached appellant. According to Reuben, he asked appellant "to help me out to pay my taxes." According to appellant, Kravitz told appellant it was the last day to pay the taxes and Kravitz had no money to pay them, and he advanced Kravitz the money to pay them. "He said he did not have any money, and I advanced him the money." Thereupon appellant gave Kravitz two checks, one for the amount of the taxes due the city of Fort Thomas, and the other for the amount of the state and county taxes. Each of these checks was made payable to the order of Kravitz, was indorsed by him, and turned over and collected by the collecting officer, and receipts delivered which were later turned over to appellant. At the time the checks were given, no certificate of transfer was re-

quested from the collecting officers, but several months later an order of assignment was executed by Kravitz and wife and delivered to Paul J. Sipes, agent of appellant, and some time after that a certificate of transfer was issued by the sheriff, and another in the name of Carl J. Haack, tax collector of Fort Thomas, by Gertrude Leicht, assistant tax collector.

The statute was enacted for the purpose of enabling a taxpayer without means to pay his taxes to avoid the penalty by procuring some one else to pay the taxes and securing their payment by a transfer of the statutory lien on the property. It may be that, where the parties actually intend to proceed under the statute, and the rights of a bona fide purchaser for a valuable consideration are not adversely affected, a short delay in taking the steps required by the statute will not invalidate the tax lien. That, however, is not the situation presented. At the time Kravitz approached appellant, there was no agreement between them and no thought by either that they were proceeding under the statute. According to Kravitz, he merely asked appellant ''to help me out to pay my taxes.'' According to appellant, Kravitz said that he did not have any money, and he advanced Kravitz the money. Thereupon he gave Kravitz the checks for the exact amounts of taxes due. No mention was made of the tax liens, or of their transfer. Kravitz then indorsed the checks and delivered them to the collecting officers. He did not mention the fact that appellant was paying his taxes, or request a transfer of the tax liens. It was not until several months thereafter that any steps were taken to comply with the statute. We are therefore constrained to hold that the original transaction between appellant and Kravitz was a mere lending of money on the credit of Kravitz with which the taxes were paid by Kravitz and the liens discharged, and that the steps taken several months later, which clearly were but an afterthought, were not sufficient to give life to the liens and transfer them to appellant.

Judgment affirmed.